UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LAND'S END AT SUNSET BEACH
COMMUNITY ASSOCIATION, INC. and
RESORT RENTALS, INC.,

     Plaintiffs,

v.                                      Case No: 8:16-cv-828-T-17JSS

LAND'S END ACQUISITION
CORPORATION,

     Defendant.

_____/

### ORDER

THIS MATTER came before the Court for a preliminary pretrial conference on August 9, 2016, pursuant to the Court's Order Referring to Magistrate Judge for Preliminary Pretrial Conference (Dkt. 47), Federal Rule of Civil Procedure 16, and Middle District of Florida Local Rule 3.05(c)(2)(D).

Plaintiff/Counterclaim Defendant Land's End At Sunset Beach Community Association, Inc. ("Association") and Third Party Defendants Richard Mannen and Karin Mannen ("Mannens") requested that the Court hold a preliminary pretrial conference to address case management issues posed by Defendant/Counterclaimant Land's End Acquisition Corporation's ("LEAC") Amended Counterclaims and Third Party Claims (Dkt. 44) ("Counterclaim"). (Dkt. 40). Specifically, because the Counterclaim names hundreds of the Association's individual unit owners as third party defendants ("Third Party Defendants"), the Association and the Mannens argued that a preliminary pretrial conference was necessary to address issues including the service and representation of the Third Party Defendants as well as discovery logistics with the addition of the Third Party Defendants and their respective counsel. (Dkt. 40.)

At the hearing, after discussing the complexity of the case and the significant case management challenges presented by the current posture of the case, counsel for the Association, the Mannens, and Plaintiff/Counterclaim Defendant Resort Rentals, Inc. ("Resort") argued that the Court's resolution of their pending motions to dismiss the Counterclaim (or, alternatively, motions for summary judgment) ("Motions") (Dkts. 91, 98, 100), in their favor will resolve all issues in this case. Accordingly, the Association, Resort, and the Mannens requested a stay of the case pending the Court's resolution of the Motions. Alternatively, they requested that LEAC's third party claims against the Third Party Defendants be stayed pending the Court's resolution of the Motions. In response, although LEAC opposes the Motions, LEAC agrees that it would be appropriate to stay its third party claims against the Third Party Defendants pending a disposition of the Motions.

Finally, the parties discussed the case deadlines agreed upon in the Case Management Report (Dkt. 34). The parties agreed that they may not be able to adhere to the deadlines set forth in the Case Management Report if the case proceeds with the addition of the Third Party Defendants and, in that instance, an amended case management report will be necessary. At this time, however, the parties will continue to be governed by the deadlines they agreed upon in the Case Management Report.

Accordingly, as discussed above and at the hearing, it is **ORDERED** as follows:

1.      The Association, the Mannens, and Resort shall file motions for stay of the proceedings or, alternatively, of the portion of the proceeding relating to the Third Party Defendants by August 12, 2016.

2.     LEAC shall file responses to the motions by August 19, 2016.

**DONE** and **ORDERED** in Tampa, Florida on August 9, 2016.

_____

JULIE S. SNEED

UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record